UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TERRANCE LEE, 791018,

    Plaintiff,                                              Civil Action No. 17-CV-11054

vs.                                                      HON. BERNARD A. FRIEDMAN

RONALD HAIRSTON, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT
## HAIRSTON'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant Hairston's motion for summary judgment [docket entry 23]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, a pro se prison inmate, alleges that defendant, an assistant resident unit supervisor at Macomb Correctional Facility ("MRF"), violated his First Amendment rights while he was incarcerated at MRF in September 2016. Specifically, plaintiff alleges that when he asked Hairston for paper and envelopes, Hairston denied the request on September 6, 2016 "because you filing a lawsuit on my co-workers." Compl. ¶ 15. Plaintiff also alleges that on September 7, 2016, when Hairston saw a motion for preliminary injunction plaintiff had drafted ("to show cause on ARUS Hairston for not giving/supplying legal supplies for discriminatory reasons") in a case he was litigating in another court, *Lee v. Tinerella*, No. 16-CV-458 (W.D. Mich.), Hairston said, "This is why I hate litigators. If I see this again you wont send no mail out, and Im throwing this away." *Id.* ¶ 17-18. Plaintiff alleges that when he reviewed the docket sheet in 16-458 at the end of September, he noticed that this motion had not been filed. Plaintiff says he mailed another copy of

the motion to that court, and it was filed on October 17, 2016. The court promptly denied this motion on the grounds that Hairston was not a party to that lawsuit. Plaintiff alleges that Hairston "deliberately destroyed plaintiff motion to the court in retaliation for plaintiff engaging in protected conduct." Compl. ¶ 34.

To the extent plaintiff's complaint may be construed as asserting a First Amendment claim based on Hairston's alleged refusal to provide plaintiff with paper, envelopes and/or other "legal supplies," any such claim has been abandoned. Plaintiff indicates in his response to the instant motion that "being denied legal supplies is not a claim in plaintiff's suit." Pl.'s Resp. at 7. Therefore, defendant's motion is granted as to this claim.

The remaining claim is that Hairston "destroyed" plaintiff's motion for a preliminary injunction. This claim fails for lack of proof. Hairston avers that "[a]ll legal mail received from prisoners is turned into the mail room." Hairston Aff. ¶ 11. And indeed, the motion in question was filed on October 17, 2016, as plaintiff concedes. *See Lee v. Tinerella*, No. 16-CV-458 (W.D. Mich.) (docket entry 38). Plaintiff's allegation that he had given the motion to Hairston for mailing on September 7, 2016, is belied by the fact that plaintiff's "verification" attached thereto is dated September 23, 2016, and the envelope is postmarked September 29, 2016. *See* Def.'s Ex. 4 (docket entry 23-5, Pg ID 157-58). On this record, there is simply no evidence that Hairston destroyed plaintiff's motion. The most a fact-finder might conclude is that a delay occurred between the September 23 verification and the September 29 posting, but one could only speculate as to the cause of this delay. In short, plaintiff has no proof that defendant destroyed his motion. Accordingly,

IT IS ORDERED that plaintiff's motion for leave to amend the complaint [docket entry 29] (to indicate that he is suing under § 1983, not § 1985) is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

Dated: April 30, 2018　　　　　　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2018.

　　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　　Case Manager